PROB 12C
(06/17)

September 16, 2026
pacts id: 238411

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Fabian Mejia Gomez (English) **Dkt. No.:** 23CR00339-001-GPC

**Reg. No.:** 24777-298

**Name of Sentencing Judicial Officer:** The Honorable Gonzalo P. Curiel, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(ii), Transportation of Certain Aliens, a Class D felony.

**Date of Revocation Sentence:** March 27, 2026

**Sentence:** Time Served as of March 30, 2026 (78 days' custody); followed by 24 months' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** March 30, 2026

**Asst. U.S. Atty.:** Kiriaki Grammenidis

**Defense Counsel:** Sebastian Llewellyn Swain-Gil (Appointed) 619-234-8467

**Prior Violation History:** Yes. See prior court correspondence.

**Absconded From Supervision**: No.

---

## PETITIONING THE COURT

**TO ISSUE A BENCH WARRANT**

The probation officer believes that the offender has violated the following conditions of supervision:

| CONDITIONS | ALLEGATIONS OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. | 1. On or about August 25, 2026, Mr. Gomez was found in possession of pepper spray, in violation of California Penal Code § 22810(a), as evidenced by Calexico Police Department, Incident Report Number: 26-011904.<br><br>2. On or about August 25, 2026, Mr. Gomez willfully destroyed evidence, in violation of California Penal Code § 135, as evidenced by Calexico Police Department, Incident Report Number: 26-011904. |

***Grounds for Revocation:*** As to allegations 1 and 2, I have received and reviewed the arrest report prepared by the Calexico Police Department, Incident Number: 26-011904, which confirms the following:

On August 25, 2026, an officer from the Calexico Police Department noticed a black BMW with dark tint, in violation of California Vehicle Code § 26708.5(a). The officer was unable to identify the driver due to the affixed window tint. The officer drove into the ABC gas station in Calexico, California, for further investigation of the vehicle. The driver of the BMW parked at the gas station and began walking towards the gas station front entrance door. The officer was able to identify the driver of the vehicle as Mr. Gomez due to several law enforcement contacts in the past. The officer activated the overhead emergency lights and yelled out "Gomez, come here." Mr. Gomez failed to stop and was observed tossing an unknown black item inside the trash bin outside of the front entrance/exit door of the gas station. The officer closed his distance with Mr. Gomez and detained him without further incident.

The officer searched for the item tossed in the trash bin by Mr. Gomez and was able to locate a pepper spray. The pepper spray was collected as evidence. The officer conducted a search of the interior of the BMW and located an additional pepper spray. The pepper spray was purple in color with the brand name, "Sabre." Mr. Gomez was arrested and transported to Imperial County Jail where he was booked without incident.

Mr. Gomez posted bail on August 27, 2026, and has a court hearing scheduled at California Superior Court County of Imperial on September 24, 2026.

The probation officer contacted the Imperial County District Attorney's Office, and the case has not yet been filed.

| | |
|---|---|
| **(Mandatory Condition)**<br>The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements | 3. On July 11, 2026, Mr. Gomez used methamphetamine, a controlled substance, as evidenced by his admission to the probation officer on July 24, 2026. |

will not exceed submission of more than four drug tests per month during the term of supervision, unless otherwise ordered by the court.

***Grounds for Revocation:*** As to allegation 3, on July 13, 2026, Mr. Gomez reported to the U.S. Probation Office and submitted a urine sample. The sample subsequently screened positive for amphetamines. The probation officer confronted Mr. Gomez about the positive sample on July 24, 2026, during an office visit, and he admitted to using methamphetamine on July 11, 2026. Mr. Gomez proceeded to sign an admission form, formally acknowledging his drug use.

**(Standard Condition)**
The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. On June 25, 2026, Mr. Gomez traveled to Mexico without permission from the probation officer.

***Grounds for Revocation:*** Mr. Gomez began his term of supervised release on March 30, 2026. On April 9, 2026, the probation officer reviewed the conditions with Mr. Gomez, including the condition prohibiting him from leaving the Southern District of California without the prior approval of the probation officer.

As to allegation 4, on June 26, 2026, Mr. Gomez disclosed that on June 25, 2026, he traveled to Mexicali, Baja California, Mexico, to his sister's home for her birthday. Mr. Gomez stated he was in Mexicali for a couple hours and knew that he should have sought permission for the travel before leaving the United States. Mr. Gomez did not have authorization to leave the Southern District of California on June 25, 2026.

## VIOLATION SENTENCING SUMMARY

## SUPERVISION ADJUSTMENT

Mr. Gomez commenced his second term of supervised release on March 30, 2026. Mr. Gomez released to The Salvation Army, an inpatient drug treatment program in San Diego, California, but voluntarily left the program on April 1, 2026. Nonetheless, Mr. Gomez reported to Genesis Recovery, an inpatient drug treatment program, on April 1, 2026, and successfully completed the program on June 17, 2026. Upon the completion of the program, Mr. Gomez returned to Calexico, his hometown, and secured employment. The probation officer enrolled him in formal drug testing and he reported to the probation office as instructed to provide urine samples.

However, Mr. Gomez's noncompliance commenced soon after he returned to his home in Calexico. As noted above, Mr. Gomez traveled to Mexicali without prior permission from the court or the probation officer. Additionally, on July 13, 2026, Mr. Gomez reported to the probation office and submitted a sample of his urine. The sample returned positive for amphetamines and when confronted, Mr. Gomez admitted to using methamphetamine on July 11, 2026. The probation officer verbally reprimanded him and referred him to NorthStar, an outpatient drug treatment service in El Centro, California. He was instructed to report for group sessions once per week for two-hour sessions. In meeting with Mr. Gomez's treatment provider, the probation officer was informed that he was actively participating in group and was prompt to all his sessions. To Mr. Gomez's credit, he has not provided a positive sample since July 13, 2026.

Although Mr. Gomez showed compliance by securing employment, reporting for drug testing, and participating in outpatient drug services, his contacts with law enforcement are concerning. On August 19, 2026, the probation officer was informed that Mr. Gomez was arrested by Calexico Police Department for robbery, possession of a methamphetamine pipe, and possession of tear gas (Incident Report Number: 26-011904). Mr. Gomez was booked into Imperial County Jail in El Centro, California, and posted bail on or about August 22, 2026. Mr. Gomez reported his law enforcement contact to the probation officer and on August 24, 2026, the probation officer requested a copy of the police report to the Calexico Police Department. As of the writing of this report, the probation officer has not yet received the requested information. The Court will be promptly notified via an amended petition.

The probation officer received a second notice that on August 25, 2026, Mr. Gomez was arrested by Calexico Police Department for destroying evidence and felon in possession of pepper spray. Mr. Gomez was booked into Imperial County Jail and posted bail on August 27, 2026. Mr. Gomez currently remains in the community and is required to continue attending outpatient treatment and report for drug testing, as instructed. Mr. Gomez has been in constant communication with the probation officer as to his court hearings and provides paystubs for employment verification. He also resumed his attendance at NorthStar upon his release from county jail.

**OFFENDER PERSONAL HISTORY/CHARACTERISTICS**

Mr. Gomez is 34 years of age and is currently in a relationship with his girlfriend and mother of his minor daughter. Although Mr. Gomez lacks a high school diploma, he has secured formal employment and has expressed interest in furthering his education.

Mr. Gomez has an extensive history of substance use to include methamphetamine, fentanyl, and heroin. He also suffers from mental health symptoms consistent with anxiety. As to his social networks, Mr. Gomez lacks prosocial support and has significant criminal associations. He is known to law enforcement as "Villain" from the "Ghost Town Lokos" criminal street gang and has an extended criminal record. His arrests and convictions include a variety of crime types, including drugs, weapons, alien smuggling, and vehicle related offenses. Mr. Gomez is not a stranger to this courtroom as he is a repeat offender with four prior federal cases for conduct involving the transportation of illegal aliens, assault on a federal officer, and felon in possession of a firearm and ammunition.

As to his conduct while on supervised release, Mr. Gomez has a record for failing to comply with the conditions of his release. His term of supervised release has been revoked in each docket, and it is related to new criminal conduct, drug use, failure to complete a punitive term in a residential reentry center, and failure to participate in after care treatment.

**SENTENCING OPTIONS**

**CUSTODY**

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (felon in possession of pepper spray, destroying evidence, use of a controlled substance, and travel without authorization) constitute Grade C violations. USSG §7C1.1(a)(3)(A), p.s. Upon a finding of a Grade C violation, it may be appropriate for the court to revoke supervised release. The Court should

conduct an individualized assessment, taking into consideration the grade of the violation, to determine whether to revoke supervised release. USSG §7C1.3(b)

A Grade C violation with a Criminal History Category VI (determined at the time of sentencing) establishes an **imprisonment range of 8 to 14 months.** USSG § 7C1.5, p.s.

Pursuant to USSG § 7C1.3 p.s. comment (n.2), upon a report of non-compliance or a finding of a violation, the court may take any appropriate action provided under 18 U.S.C. § 3583, which includes extension, modification, revocation, or termination of supervised release. If revocation is not statutorily required, the court may also consider an informal response, such as issuing a warning while maintaining supervised release without modification, continuing the violation hearing to provide the defendant time to come into compliance, or directing the defendant to additional resources needed to come into compliance.

**REIMPOSITION OF SUPERVISED RELEASE**

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court may reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 33 months and 12 days supervised release, less any term of imprisonment imposed upon revocation. The court has imposed an aggregate of 78 days' custody in this case. 18 U.S.C. § 3583(b).

**JUSTIFICATION FOR BENCH WARRANT**

Given the conduct in the alleged violations above, Mr. Gomez is a danger to the community and is at risk of flight. Mr. Gomez has strong ties to Mexico, and his residence is within walking distance of the U.S./Mexico boundary. Additionally, he has strong criminal associations, including ties to criminal street gangs and has a record for possessing a firearm as a felon and engaging in new felonious activity while on supervised release. To protect the community and ensure Mr. Gomez's presence in court, the probation officer respectfully recommends Your Honor issue an arrest warrant.

**RECOMMENDATION/JUSTIFICATION**

Mr. Gomez has breached Your Honor's trust by allegedly engaging in criminal conduct, using controlled substances while on supervised release, and traveling to Mexico without authorization from the court or the probation officer. These violations are concerning given Mr. Gomez's extensive criminal history, demonstrated ties to a criminal street gang, and repeated inability or unwillingness to comply with his conditions of supervised release.

It is acknowledged that Mr. Gomez demonstrated some level of compliance during the current term of supervision and his periods of compliance should be considered when determining a sentencing recommendation. However, such compliance does not outweigh the seriousness of his recent noncompliance. Mr. Gomez's repeated criminal conduct is a clear indication that the interventions provided are not sufficient to deter him from reverting to his old habits. Mr. Gomez continues to engage in conduct inconsistent with the expectations of the conditions of his supervised release.

In determining an appropriate sentencing recommendation, the undersigned has considered the 18 U.S.C. § 3553 sentencing factors and goals, the nature of the noncompliance, and the Mr. Gomez's individual risks and needs, which include crimes involving violence, gang ties, possession of firearms, substance use, history of

noncompliance, and lack of prosocial groups. After a careful and individualized assessment of the case, the undersigned respectfully recommends a 4-month term of imprisonment, followed by two (2) years 'supervised release. The undersigned also recommends the imposition of all standard conditions, as they will allow the probation officer to effectively monitor Mr. Gomez in the community and keep abreast of his activities. The recommended conditions will also facilitate Mr. Gomez's transition into the community, support his rehabilitation, and promote public safety.

All previously imposed special conditions of supervised release are also recommended, including that he participate in drug treatment and that he resides at a residential reentry center (RRC) for a period of 120 days (punitive) to remain sober and remove him from his negative social circle. While at the RRC, Mr. Gomez will be referred to a drug treatment provider, and his treatment needs will be assessed.

The additional recommended special conditions are as follows:

- Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of 90 days (punitive).

- Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: September 16, 2026**

Respectfully submitted:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by
Fabiola Beltran
Sr. U.S. Probation Officer
(760) 997-5133

Reviewed and approved:

J....if.. Avila

Supervisory U.S. Probation Officer

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Gomez, Fabian Mejia

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 23CR00339-001-GPC

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7C1.1)**:**

| Violation(s) | Grade |
|---|---|
| Felon in Possession of Pepper Spray | C |
| Destroying Evidence | C |
| Use of a Controlled Substance | C |
| Travel Without Authorization | C |
| | |
| | |
| | |
| | |

4. **Most Serious Grade of Violation** (*See* USSG § 7C1.1(b)) [ C ]

5. **Criminal History Category** (*See* USSG § 7C1.5) [ VI ]

6. **Range of Imprisonment** (*See* USSG § 7C1.5) [ 8 to 14 months ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7C1.4 p.s. comment (n.4)):

| | | | |
|---|---|---|---|
| Restitution ($) | | Community Confinement | |
| Fine ($) | | Home Detention | |
| Other | | Intermittent Confinement | |

**THE COURT ORDERS:**

__x__ AGREE. A BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

______ DISAGREE. APPOINT COUNSEL AND THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON ________________, AT ________, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

______ Other ________________________________________________________

______________________________________________________________

______________________________________________________________

Gonzalo Curiel [signature]

The Honorable Gonzalo P. Curiel
U.S. District Judge

09/18/2026
Date

ad